United States District Court
Southern District of Texas
FILED

MAR 18 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS PEÑA, | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 03-CV-40 |
| | § | |
| VALENTIN BARAJAS and | § | |
| TOMAS BARAJAS, | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM
### and
## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Valentin Barajas** and **Tomas Barajas**, both Defendants in the above-entitled action, and pursuant to Federal Rule of Civil Procedure 12(b)(6), file this their Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim and Defendants' Memorandum in Support of Motion to Dismiss, and in support thereof, would respectfully show this Honorable Court as follows:

### A. Introduction

1.   This case arises out of an eviction case in the Justice Court for Precinct 5 Place 2 of Cameron County, Texas, in which the Defendant Tomas Barajas is the owner of the subject residential real property and the Plaintiff Jose Luis Peña is the non-paying tenant against whom the Justice Court ruled.

2.   Plaintiff Jose Luis Peña appears to have simultaneously filed a Notice of Removal of this Justice Court eviction case to this Court and an Original Complaint with allegations all related to his relationship to the Defendants and his tenancy in Defendant Tomas Valentine's property.

3.   Plaintiff's suit should be dismissed because Plaintiff Jose Luis Peña does not state a claim

upon which relief can be granted in his Original Complaint.

## B. Argument and authorities

4.  The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that plaintiff cannot prove any set of facts that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *see also Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401-02 (5th Cir. 1996).

5.  In the Original Complaint, Plaintiff Jose Luis Peña alleges numerous defects in the subject real property that apparently cause him, his family and some household appliances injuries without ever establishing the existence of any duty the Defendants owed him, his family or his personal property. In fact, even if Plaintiff Jose Luis Peña proves each of these allegations, he has not set forth the essential elements necessary to state a claim upon which relief can be granted.

## C. Causes of action pleaded

6.  Plaintiff Jose Luis Peña attempts to state a cause of action for breach of contract[1]. However, Plaintiff Jose Luis Peña does not allege the existence of an enforceable contract, the terms that the

---

[1] In order for the Plaintiff to prevail on a claim for a breach of contract against the Defendants, he must prove the following elements: (i) the existence of a valid and enforceable contract between the parties; (ii) that it performed or tendered performance; (iii) that the Defendants breached the contract; and (iv) that it was damaged as a result of the Defendants' breach. *See Garner v. Corpus Christi National Bank*, 944 S.W.2d 469, 476 (Tex.App. - Corpus Christi 1997, no writ); *see also Southwell vs. University of the Incarnate Word*, 974 S.W.2d 351, 354-355 (Tex.App. - San Antonio 1998, pet. denied). To prove that a valid and enforceable contract exists between the parties, the Plaintiff must prove the following elements: (i) an offer, (ii) an acceptance, (iii) mutual assent, (iv) execution and delivery of the contract with the intent that it be mutual and binding, and (v) mutuality of obligations supporting the contract. *See Texas Gas Utility Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970)(element v); *see also Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex.App. - San Antonio, 1997, no writ)(elements i-iv); *see also Smith v. Renz*, 840 S.W.2d 702, 704 (Tex.App. - Corpus Christi 1992, writ denied)(elements i-iv).

Defendants are to have breached, nor the damage caused by the putative breach. Instead, Plaintiff Jose Luis Peña makes reference to the future preparation of documents and "necessary paperwork". Therefore, even if Plaintiff Jose Luis Peña proves the facts alleged in his Original Complaint, he cannot prove the elements necessary to state a claim for breach of contract.

7.  Plaintiff Jose Luis Peña appears to plead a negligence claim[2] against the Defendants by asserting a cause of action for "personal injuries". However, Plaintiff Jose Luis Peña did not allege that either of the Defendants owed him any sort of duty or that they breached such duty. Finally, Plaintiff Jose Luis Peña did not allege that he suffered any damages caused by either of the Defendant's breach of some sort of duty. Therefore, even if Plaintiff Jose Luis Peña proves the facts alleged in his Original Complaint, he cannot prove the elements necessary to state a claim for "personal injuries" or negligence.

8.  Plaintiff Jose Luis Peña attempts to state a cause of action for slander and defamation[3].

---

[2] There are three (3) necessary elements of negligence: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused from the breach. *See Firestone Steel Products Company vs. Barajas,* 927 S.W.2d 608, 613 (Tex. 1996); *see also Greater Houston Transportation Co. v. Phillips,* 801 S.W.2d 523 (Tex. 1990).

[3] There is no comprehensive way to state the elements of a cause of action for defamation because there are too many variables: especially in this situation involving a factually defective original complaint. However, with that *caveat* Plaintiff Jose Luis Peña, as a private person, would have to prove the following elements to substantiate a defamation and slander action: (1) the Defendants published a statement of fact; (2) that statement referred to the Plaintiff Jose Luis Peña; (3) the statement was defamatory; (4) the statement was false; (5) with regard to the truth of the statement, the defendant was (i) acting with actual malice; (ii) negligent; or (iii) liable without regard to fault; and (6) the Plaintiff Jose Luis Peña suffered pecuniary injury. *See Philidelphia Newspapers v. Hepps,* 475 U.S. 767, 777, 106 S.Ct. 1558, 1564 (1986) (element 4); *see also Gertz v. Robert Welch, Inc.* 418 U.S. 323, 342, 94 S.Ct. 2997, 3008 (1974) (elements 5(i)-(ii)); *see also N.Y. Times. Co. v. Sullivan,* 376 U.S. 254, 279-80, 84 S.Ct. 710, 726 (1964) (element 5(1)); *see also WFAA-TV v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998 (elements 1-3, 5(1)); *see also Randall's Food Markets v. Johnson,* 891 S.W.2d 640, 646 (Tex. 1995) (element 4).

However, Plaintiff Jose Luis Peña does not allege any facts to substantiate that either of the Defendants made statements or published statement that slander or defame him. Therefore, Plaintiff Jose Luis Peña cannot prove the elements necessary to state a claim for slander or defamation.

9. Finally, Plaintiff Jose Luis Peña attempts to state a cause of action for "fraudulent actions [and] misrepresentations"[4]. However, Plaintiff Jose Luis Peña does not allege that he relied on specific representations, made by either of the Defendants, to his detriment and damage. This claim is especially ridiculous considering that Plaintiff Jose Luis Peña represented to the Defendants that he would pay monthly rent and has not done so for over one (1) year.

### D. Conclusion

10. Because Plaintiff Jose Luis Peña did not state a claim upon which relief can be granted, the Court should dismiss this suit.

### E. Prayer

11. Defendants respectfully request that this Honorable Court set this motion for hearing and, after such hearing, dismiss this suit because Plaintiff Jose Luis Peña did not state a claim upon which relief can be granted.

---

[4] The elements for a cause of action for fraudulent misrepresentation are as follows: (1) the Defendants made a representation to the Plaintiff; (2) that representation was material; (3) that representation was false; (4) when the Defendants made the representation, they (a) knew it was false or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the Defendants made the representation with the intent that the Plaintiffs act on it; (6) The Plaintiff relied on the representation; and (7) the representation caused the Plaintiff injury. *See Insurance Co. or North America v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998); *see also Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998); *see also Formosa Plastics Corporation v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 31, 47-48(Tex. 1998).

Respectfully submitted,

The Rentfro Faulk Law Firm

_____
William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN#: 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695
Attorneys for the Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss For Plaintiff's Failure to State a Claim and Memorandum in Support of Motion was delivered to all counsel and parties of record in the manner designated below on the ___ day of March, 2003.

Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553
*Pro Se* Plaintiff
**Via Certified U.S. Postal Service, RRR, No. 70022410000096066861**

_____
William A. Faulk, Jr.