

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **JOSE LUIS PENA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-040 |
| | § | |
| **VALENTIN BARAJAS** and | § | |
| **THOMAS BARAJAS** | § | |
| | § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED that on May 7, 2003, the Court **GRANTED IN PART AND DENIED IN PART** Defendants' motion to dismiss [Dkt. No. 4] and **GRANTED** Defendants' motion to remand [Dkt. No. 6].

I.   Background

This case arises out of a real estate transaction allegedly involving a three month rental period during which a sale contract would be concluded. Plaintiff moved into the home. Plaintiff complains that nearly every aspect of the home was inadequate: the chain link fence in the backyard was not replaced with a wooden fence; the air conditioner was not functional; the plumbing was in disrepair; the walls were patched; the ceilings were water stained; the exterior brick was cracking; the electrical wiring was bad; the backyard was infested with fleas and ticks; a snake nearly bit his daughter; and the garage door was defective. "The workmanship on the house was really in poor shape." [Original Complaint, at ¶15]. Plaintiff alleges he complained of many of these defects and was promised by Defendants that they would be fixed. Plaintiff also alleges that Defendants knew of some of the defects before Plaintiff complained.

Apparently a sale contract was never concluded. Plaintiff ceased paying rent but remained on the premises. Defendant Valentin Barajas filed an Original Petition for Forcible Detainer and Eviction on August 28, 2002, in the Justice Court of Cameron

County, Texas, Precinct 5, Place 5. Defendant Valentin Barajas sought $2800 in back rent and $500 in attorneys' fees.

After several months of legal wrangling in the Justice Court, Plaintiff filed an Original Complaint in this Court seeking damages for "breach of contract, personal injuries, slander and defamation," as well as "fraudulent actions, misrepresentations," "negligence, gross negligence and intentional actions," and "intentional wrongdoings." [*Id.*]. Defendants have filed a motion to dismiss the causes of actions alleged in the Original Complaint pursuant to Rule 12(b)(6) for failure to state a claim, Plaintiff has not responded, and the motion is ripe for decision by this Court.

On the same day he filed his Original Complaint, Plaintiff also filed a notice of removal to remove the detainer and eviction action pending in the Justice Court. Defendants have filed a motion to remand, Plaintiff has not responded, and the motion is ripe for decision by this Court.

## II.   Analysis

### A.   Remand Of The Detainer And Eviction Case

Defendant argues that the detainer and eviction case should be remanded to the Justice Court for two reasons. First, Plaintiff failed to remove within thirty days as required by 28 U.S.C. § 1446(b). Additionally, Plaintiff sought affirmative relief in the Justice Court thereby waiving his right to removal. Both appear to be legitimate grounds for remanding.

The Court, however, remands this case on a basis not raised by Defendants. Title 28, United States Code, Section 1441(b) provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

(emphasis added). The clear language of the statute prohibits a Texas defendant from removing a case from the Texas state courts to federal court. Plaintiff Pena is a Texas citizen and the Defendant in the case in the Justice Court; therefore, Pena is prohibited

from removing that case.

The detainer and eviction case is hereby **REMANDED** to Justice Court of Cameron County, Texas, Precinct 5, Place 5.

### B.   Motion To Dismiss The Original Complaint Filed In This Court[1]

As an initial matter, the Court has subject matter jurisdiction over the instant action because it is between a Texas Plaintiff and two Florida Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. At this time the Court has no reason to question either the citizenship of the parties or the amount in controversy; therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the Plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). Plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist.[2] See General Star Indem., Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999). In other words, the complaint must simply provide Defendants with fair notice of the Plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a

---

[1] Local Rule 7.4 states that a "[f]ailure to respond will be taken as a representation of no opposition." However, in the interest of justice, the Court addresses the merits of the motion to dismiss.

[2] "A complaint need not outline all the elements of a claim. It must be possible, however, for an inference to be drawn that these elements exist." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5thn Cir. 1990). However, the Plaintiff cannot supplement the complaint with factual allegations contained outside the four corners of the pleadings in order to establish the elements of his or her claim. See McCartney, 970 F.2d at 47.

claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Walker v. South Bell Central*, 904 F.2d 275, 276 (5th Cir. 1990). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the Plaintiff in order "to do substantial justice." Fed. R. Civ. P. 8(f). *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. *See Mahone*, 836 F.2d at 926; *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). The Court cannot allow a complaint to survive if it only alleges legal conclusions, or is devoid of any factual allegations. *See Fernandez-Montes*, 987 F.2d at 284; *Walker*, 904 F.2d at 277. In addition, if the face of the complaint demonstrates that the Plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the Plaintiff cannot proceed. *See Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995).

### 1.   Breach of Contract

Defendants argue that Plaintiff has failed to allege the "existence of an enforceable contract, the terms that the Defendant are to have breached, nor the damages caused by the putative breach." [Mot. To Dismiss, at ¶6].

To prove breach of contract, a party must show 1) the existence of the contract sued upon, 2) compliance with the terms of the contract, and 3) the other party's breach of that contract. *See St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 629 (Tex.App. – Dallas 1992, writ denied). Drawing all inferences in his favor, Plaintiff has alleged facts sufficient to state a claim for breach of contract. First, Plaintiff alleges that he "entered into a real estate contract with one Thomas Barajas for the purchase and sale of a homestead located at 2914 Nueces Dr., Harlingen, Texas." Plaintiff further alleges that he complied with the terms of the contract by making the "initial payment on the purchase." The Original Complaint contains allegations of the Defendants' breach, namely that the sale has not been concluded. Finally, Plaintiff enumerates damages he

has allegedly suffered as a result of the breach, including Defendants' failure to consummate the real estate sale and the loss of personal property due to Defendants' failure to repair the property.

### 2. Negligence

Defendants argue that Plaintiff fails to a state a negligence claim because the Original Complaint fails to allege either a duty owed by Defendants, a breach of that duty, or damages resulting from the breach.

Under Texas common law, a negligence cause of action consists of: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). A prerequisite to tort liability is the existence of a legally cognizable duty. *See Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993). Whether a duty exists is a question of law. *See Joseph E. Seagram & Sons v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991); *Greater Houston Transp. Co.*, 801 S.W.2d at 525. In a premises liability cause of action, the duty owed by a landowner or occupier to visitors to the land depends on the legal relationship between the landowner and the visitor. *See Rape v. M.O. Dental Lab*, 95 S.W.3d 712, 716 (Tex. App. – Fort Worth 2003, pet. filed). With limited exceptions, a lessor owes no duty to tenants or their invitees for dangerous conditions on the leased property. *See Cadenhead v. Hatcher*, 13 S.W.3d 861, 863 (Tex.App. – Fort Worth 2000, no pet.). The three recognized exceptions arise from: (1) the lessor's negligent repairs; (2) concealed defects of which the lessor was aware at the time the premises was leased; and (3) a defect on the portion of the premises that remained under the lessor's control. *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). If one of these exceptions applies, the lessor owes its tenant or tenant's invitees the duty of ordinary care. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514-15 (Tex. 1978).

Again drawing all reasonable inferences in Plaintiff's favor, the Original Complaint contains allegations sufficient to state a claim for negligence. Plaintiff alleges at minimum a landlord-tenant relationship and defects of which the landlord

knew. Such allegations could subject the Defendant to a duty of ordinary care. Plaintiff also alleges that Defendants breached their duties by failing to properly maintain the house, and the Court can infer from the pleadings that Defendants failed to warn Plaintiff of the defects. Plaintiff has alleged various injuries resulting from the disrepair of the house, including an injury to his hand.

### 3.    Slander And Defamation

Defendants argue that Plaintiff has not stated a claim for slander or defamation because he has not alleged that either of the Defendants made statements or published statements slandering or defaming Plaintiff.

"Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Markets v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Plaintiff does allege that Mr. Ruiz came to the house and began yelling that "plaintiff was a member of the 'mafia' and that was the reason why plaintiff wanted a wooden fence in the back so that no one would see plaintiff loading and unloading drugs by way of the back yard." [Original Complaint, at ¶27]. Mr. Ruiz is not a Defendant in this case. Plaintiff does not allege any defamatory statements were made by Defendants. Because Plaintiff fails to allege any statement that the Defendants published, he has failed to state a claim for slander or defamation.

### 4.    Fraudulent Misrepresentation

Defendants argue that Plaintiff fails to state a claim for fraudulent inducement or fraudulent misrepresentation because he does not allege that he suffered any damages due to his reliance on specific misrepresentations made by either of the Defendants.

The elements of a fraudulent inducement or fraudulent misrepresentation claim are 1) Defendants made a material representation; (2) it was false; (3) when Defendants made the representation they knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) Defendants made it with the intention that it should be acted upon by Plaintiff; (5) Plaintiff acted in reliance upon it; and (6) Plaintiff thereby suffered injury. *See Insurance Co. of North America v.*

*Morris*, 981 S.W.2d 667, 674 (Tex. 1998).

Plaintiff has alleged some facts supporting a claim for fraudulent inducement or misrepresentation; however, Plaintiff has failed to plead this cause of action with particularity as required by Federal Rule of Civil Procedure 9(b). The Court finds that Plaintiff has made only conclusory allegations that Defendants made undefined misrepresentations regarding the condition of the house. These allegations do not meet the Rule 9(b) requirement of particularized allegations of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. *See Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992).

### III. Conclusion

For these reasons, Defendants' motion to dismiss [Dkt. No. 4] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claim for slander and defamation is **DISMISSED** without prejudice. Plaintiff's claim for fraudulent inducement or misrepresentation is **DISMISSED** without prejudice.

FURTHERMORE, Defendants' motion to remand [Dkt. No. 6] is **GRANTED**. The detainer and eviction case, Cause No. CV-91-02, is hereby **REMANDED** to Justice Court of Cameron County, Texas, Precinct 5, Place 5.

DONE at Brownsville, Texas, this 7th day of ~~April~~ MAY 2003.

Hilda G. Tagle
United States District Judge