12

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| JOSE LUIS PEÑA, | § | JUN 2 5 2003 |
| *Plaintiff* | § | |
| | § | Michael N. Milby |
| VS. | § | Clerk of Court |
| | § | CIVIL ACTION NO. B-03-CV-40 |
| VALENTIN BARAJAS and | § | |
| TOMAS BARAJAS, | § | |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Valentin Barajas and Tomas Barajas,** the above-entitled action, and file this their Defendants' Original Answer and Counterclaim, pursuant to Federal Rules of Civil Procedure 8, 12 and 13, and, in support thereof would respectfully show the Court as follows:

### A. Introduction

1.    This case arises out of the oral rental agreement between Plaintiff Jose Luis Peña and Defendant Tomas Barajas for the lease of Defendant's residential real property.

2.    Plaintiff alleges the following causes of action: (i) breach of contract and (ii) negligence.

3.    Defendant Tomas Barajas files a breach of contract action, in the counterclaim, against Plaintiff Jose Luis Peña to recover the rental proceeds Plaintiff failed to pay him for the right to possess the subject residential real property.

### B. Admissions and denials

4.    Defendants deny the allegation in paragraph 1. that Defendant Tomas Barajas entered into a contract with Plaintiff Jose Luis Peña to sell Plaintiff the residential real property located at 2914 Nueces Drive, Harlingen, Cameron County, Texas (the "Property").

Defendants' Original Answer and Counterclaim                 Page 1 of 6

5.    Defendants deny the allegation in paragraph 2. that Mr. Ruiz was in charge of maintenance of the Property.  However, Defendants admit that Mr. Ruiz agreed to show the Property to potential renters on Defendant Tomas Barajas's behalf.

6.    Defendants deny the allegation in paragraph 3. that only Defendant Valentin was in charge of maintenance of the Property.

7.    Defendants deny the allegation in paragraph 4 that Defendant Tomas Barajas agreed to sell the Property to Plaintiff Jose Luis Peña.

8.    Defendants deny the allegation in paragraph 5 that Defendant Tomas Barajas agreed to sell the Property to Plaintiff Jose Luis Peña.

9.    Defendants deny the allegation in paragraph 6 that they made representations to Plaintiff Jose Luis Peña regarding the condition of the Property.

10.    Defendants deny the allegation in paragraph 7 that they agreed to replace the fence.

11.    Defendants deny: (i) the allegation in paragraph 8 that Defendant Tomas Barajas agreed to sell the Property to Plaintiff Jose Luis Peña; and (ii) the allegation in paragraph 8 that the air conditioning unit was not working properly.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 9.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 10.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 11.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of

paragraph 12.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 13.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 14.

18.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 because they have not had access to the Property in over thirteen (13) months.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 16 wherein Plaintiff Jose Luis Peña opines that the brick on the Property will "[be] falling in the near future".

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 17.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 regarding, "the air conditioner[ problem], flea and ticks, patched up walls and ceilings, the cracked brick around the house".   However, the Defendants deny Plaintiff's remaining allegation in paragraph 18 that they had knowledge of an electrical problem with the Property.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 19.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 20.

24.     Defendants deny all of the allegations made in paragraph 21.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of

paragraph 22.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 23.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 24.

28.     Defendants deny the allegation in paragraph 25 that they know of defects in the Property and purposefully concealed those defects from Plaintiff.

29.     Defendants deny the allegation in paragraph 26 that they instructed Mr. Ruiz to breach into the Property.  It is the Defendants' information and belief that Mr. Ruiz would not and did not break into the Property.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 27.  However, it is the Defendants' information and belief that the actions alleged did not occur.

31.     Defendants deny the allegations in paragraph 29.

32.     Defendants deny the allegations in paragraph 31.

33.     Defendants deny the allegations in paragraph 33.

### C. Defendant Tomas Barajas's Counterclaim

34.     Plaintiff Jose Luis Peña is liable to Defendant Tomas Barajas because Plaintiff breached the oral agreement between the parties to pay rent for the possession and use of the Property.

### (i) Facts

35.     On May 1, 2003, Plaintiff Jose Luis Peña and Defendant Tomas Barajas entered into an oral lease agreement: Plaintiff agreed to pay $700.00 to Defendant Tomas Barajas each month for rent in exchange for the possession and use of the Property.

36.    On or about May 1, 2003, the Plaintiff paid his first month's rent and one-half (½) of the $700.00

deposit.  These are the only funds Defendant Tomas Barajas ever received from the Plaintiff.

37.    On or about May 1, 2003, the Plaintiff took possession of the Property.  To date, the Plaintiff

continues to maintain possession of the Property and refuses to fulfill his obligation to pay  Defendant

Tomas Barajas the $700.00 in monthly rent.

### (ii) Cause of action - breach of contract

38.    Defendant Tomas Barajas performed his obligation under this agreement by giving Plaintiff

possession of the Property.

39.    Plaintiff breached the agreement by failing to pay the $700.00 monthly rent to Defendant Tomas

Barajas.

40.    To date, Defendant Tomas Barajas has suffered damages of $8,400.00: twelve (12) months of

unpaid rent at $700.00 per month.  These damages continue to increase as long as Plaintiff maintains

possession of the Property without paying rent.

### (iii) Attorney fees

41.    As a result of the Plaintiff's breach, Defendant Tomas Barajas retained the undersigned counsel

and seeks reimbursement for his reasonable and necessary attorney fees, as authorized by the Texas Civil

Practice & Remedies Code §38.001(8).

### D. Prayer/Relief requested

42.    For these reasons, Defendant Tomas Barajas respectfully request the Court to do the following:

   a.    Render judgment that Plaintiff Jose Luis Peña take nothing.

   b.    Dismiss the Plaintiff's suit with prejudice.

   c.    Assess costs against Plaintiff Jose Luis Peña.

Defendants' Original Answer and Counterclaim                                                     Page 5 of 6

d.    Award Defendants attorney fees.

e.    Render judgment for Defendant Tomas Barajas against Plaintiff Jose Luis Peña for damages, attorney fees and all applicable statutory interest: both pre-judgment and post judgment.

f.    Award Defendant Tomas Barajas and Defendant Valentin Barajas all other relief to which they are entitled.

Respectfully submitted,
**The Rentfro Faulk Law Firm**

William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN# 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695
Attorneys for Defendants

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendants' Original Answer and Counterclaim was delivered to all counsel and parties of record in the manner designated below on the 25 day of June, 2003.

Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553
*Pro Se* Plaintiff
**Via Telecopier No. (956) 412-33045**
**and Certified U.S. Postal Service, RRR, No.**    7002 3150 0001 8812 7096

William A.  Faulk, Jr.

Defendants' Original Answer and Counterclaim