| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| JOSE LUIS PEÑA,<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-CV-40 |
| | §<br>§ | |
| VALENTIN BARAJAS and<br>TOMAS BARAJAS,<br>*Defendants.* | §<br>§<br>§ | |

United States District Court
Southern District of Texas
FILED

JUN 2 7 2003

Michael N. Milby
Clerk of Court

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Valentin Barajas** and **Tomas Barajas**, both Defendants in the above-entitled action and with **Jose Luis Peña**, the Plaintiff in the above-entitled action, file this their proposed Joint Discover/Case Management Plan, pursuant to the requirements of Federal Rule of Civil Procedure 26(f) and pursuant to the Court's Order of June 23, 2003, and in support thereof would respectfully show the Court as follows:

1.   On June 26, 2003, the undersigned counsel held a meeting, via telephone, in compliance with to Federal Rule of Civil Procedure 26(f). The attorneys and parties involved in the telephone conference were as follows: (a) Jana Smith Whitworth, attorney for the Defendants Barajas and (b) Jose Luis Peña, *Pro se* plaintiff. As a result, the undersigned counsel files this proposed discovery/case management plan.

2.   There is an action for (i) forcible entry and detainer and accompanying (ii) claim for the

recovery of rental payments currently pending as Cause No. 2003-CCL-00198 in the Court At Law No. 3 for Cameron County, Texas, styled as *Tomas Barajas v. Jose Luis Peña*. At this time, the parties are currently awaiting the Texas Supreme Court's appointment of a presiding judge because both the trial court judge, Judge Daniel Robles, and the administrative judge, Judge Darrell Hester, have recused themselves from presiding over this action pursuant to Mr. Peña's motions.

3. The Plaintiff alleges Federal jurisdiction based upon the elements of 28 U.S.C. §1332(a)(1): (i) diversity of citizenship of the opposing parties; and (ii) an amount in controversy exceeding $75,000.00.

4. Both of the Defendants disagree with the facts alleged in Plaintiff's claims for (i) negligence and (ii) breach of contract. More specifically, Defendants contend that the only agreement between the parties was for the rental of the subject property. Further, the defects in the property which Plaintiff alleges caused his injuries were not obvious and known to the Defendants prior to their agreement to lease the subject property to the Plaintiff.

Plaintiff, as reflected in his Original Complaint, is of the opinion that the Defendants: (i) breached their agreement to sell him the subject real property; and (ii) were negligent in their maintenance of the subject real property and concealed all known defects in the property from him.

5. At this time, the Defendants are not aware of any additional parties who should be included in this action. The proposed Scheduling Order reflects that additional parties should be added by September 15, 2003.

Plaintiff will reserve the right to anticipate additional parties until Plaintiff reviews the original disclosures and additional discovery. Plaintiff will keep in mind the tentative schedule of the Court.

6.	At this time, the Defendants are not aware of any potential interventions into this case.

Plaintiff cannnot make a statement as to who would, at this point in time, intervene in this proceeding.

7.	At this time, the Defendants are not aware of any class-action issues.

Plaintiff states, "None".

8.	On June 9, 2003, the Defendants serve their Initial Disclosures, as required by Federal Rule of Civil Procedure 26(a), on the Plaintiff. On May 29, 2003, the Defendants served the Plaintiff with: (i) Defendants' Request for Initial Disclosures, (ii) Defendants' Request for Expert Disclosure, and (iii) Defendants' First Request for Admissions.

On June 24, 2003, the Plaintiff has served his Plaintiff's Initial Disclosures on the Defendants. However, the Plaintiff failed to include: (i) a computation of damages and any accompanying documentation substantiating a calculation; and (ii) any documents or list of category of documents supporting his allegations. On June 25, 2003, Defendants requested, via telephone conference and written demand, that the Plaintiff comply with Federal Rules of Civil Procedure 26(a)(1)(C) and 26(a)(1)(B) by providing this information. In the event Plaintiff refuses this request, Defendants will be forced to file a motion to compel.

On June 25, 2003, the Defendants served the following additional written discovery requests on the Plaintiff: (i) Defendants' First Set of Interrogatories to Plaintiff and (ii) Defendants' First Request for Production and Request for Entry and Inspection of 2914 Nueces Drive, Harlingen, Texas. The Plaintiff's responses to these written discovery requests must be served by July 25, 2003. At this time, Plaintiff has not served any written discovery requests on either of the Defendants.

Plaintiff advises that the parties have made the initial disclosures required by Rule 26(a). The complexity of the case has caused the plaintiff to be slow in making his initial disclosures.

9. The parties propose the following discovery plan:

   a. The following issues have been raised and discussed at the initial Rule 26(f) meeting:(i) Defendants made demand for the computation of damages and all other evidence substantiating Plaintiff's claims; (ii) Defendants requested that mediation not be scheduled until after deadline by which Plaintiff must respond to discovery requests; (iii) the Plaintiff requested that the proposed Scheduling Order be agreed to and submitted to the Court for entry; and (iv) the Plaintiff will not comply with the matters raised by Rule 26(f) until after the pretrial hearing due to the complexity of the case and appears to oppose the deadlines reflected in the Proposed Scheduling Order.

   b. Plaintiff intends to send approximately thirty (30) interrogatories to all defendants, approximately thirty (30) days after the initial disclosures are made. Defendants served their Defendants' Initial Disclosures on the Plaintiff on June 9, 2003.

   c. Defendants served their interrogatories to the Plaintiff on June 25, 2003. At this time, Defendants do not intend to submit interrogatories to any other witnesses. The proposed Scheduling Order reflects that discovery shall be completed by November 21, 2003.

   d. Because of the complexity of the case, Plaintiff will probably take depositions, if any, within sixty (60) days after the Defendants' responses to interrogatories including any expert depositions.

e.  Defendants intend to depose the Plaintiff and all other persons designated in the Plaintiff's Initial Disclosures: (i) Plaintiff, Jose Luis Peña, (ii) Yolanda Peña, (iii) Yogema Ruby Peña, (iv) Freddie Koite, (v) Jim B. Jones, (vi) Julian Gonzalez, (vii) Mary and/or Rey Meave, (viii) Ramiro (?), (ix) Mr. and Mrs. Armando Farias, (x) Javier (?), (xi) Alfonzo Gonzalez, (xii) Santiago Ruiz and (xiii) Jose Muñoz. Again, the proposed Scheduling Order reflects that discovery shall be completed by November 21, 2003. Accordingly, Defendants intend to depose all of the individuals designated in the Plaintiff's Initial Disclosures by that date.

f.  Because of the complexity of the case, Plaintiff will probably designate its experts witnesses, if any, after responses of interrogatories by Defendants. The Defendants will designate their expert witnesses and produce their expert reports by October 30, 2003, as reflected in the proposed Scheduling Order.

g.  Because of the complexity of the case, Plaintiff will probably take depositions, if any, within sixty (60) days after responses of interrogatories, to include expert depositions.

h.  Until the Defendants are served with the Plaintiff's responses to their request for expert disclosures, the Defendants cannot advise which of the Plaintiff's experts they intend to depose. Likewise, Defendants cannot advise of their anticipated completion date for taking of these experts' depositions.

10.  Defendants respectfully request that the discovery deadlines set forth in their proposed Scheduling Order be adopted by the Court. Further, the Defendants will conduct discovery as reflected in this proposed Joint Discovery/Case Management Plan.

Plaintiff advises that it is his belief that there is a tentative proposed discovery plan, but because of the complexity of the case, Plaintiff will attempt to comply with the Defendants' proposed Scheduling Order, if approved by the Court.

11. Defendants served their (i) Defendants' Request for Expert Disclosures and (ii) Defendants' First Request for Admissions on Plaintiff on May 29, 2003. On June 25, 2003, the Defendants served the following additional written discovery requests on the Plaintiff: (i) Defendants' First Set of Interrogatories to Plaintiff and (ii) Defendants' First Request for Production and Request for Entry and Inspection of 2914 Nueces Drive, Harlingen, Texas. The Plaintiff's responses to these written discovery requests must be served by July 25, 2003. To date, Plaintiff has not served any discovery requests on the Defendants. Plaintiff served his Plaintiff's Initial Disclosures on Defendant on June 24, 2003.

12. The Defendants would like the discovery process can be completed by November 21, 2003.

The Plaintiff would like the discovery process to extend to a twelve (12) month period, June 22, 2004.

13. From the Defendants' perspective, there is very little likelihood of a prompt settlement because they have suffered great financial hardship due to the Plaintiff's failure to pay the monthly rent payments to Defendant Tomas Barajas for over one (1) year. The mortgage payments on the subject real property could not be covered by rental income and additional funds were borrowed. Now, the Plaintiff seeks to recover funds from the Defendants when he owes them at least $8,400.00. Further, as long as Plaintiff maintains possession and use of the subject residence, Defendant Tomas Barajas's damages increase. Therefore, Defendants respectfully request that mediation take place between July 25, 2003 and August 15, 2003.

From the Plaintiff's perspective, there have been no discussion as to settlement or resolution of the case by the parties. However, in the event the Court orders mediation, Plaintiff respectfully request that any mediation take place before discovery has been completed and before the Court has ruled on any dispositive motions.

14. The parties have not discussed settlement.

15. The parties are amenable to mediation. The Defendants' proposed Scheduling Order provides that such mediation should be completed by December 1, 2003. However, there has been no discussion as to settlement or resolution of the case by the parties after the filing of litigation. However, in the event the Court orders mediation, Plaintiff respectfully requests that any mediation take place before discovery has been completed and before this Court has ruled on any dispositive motions.

On the contrary, the Defendants respectfully request that the Court schedule any mediation after July 25, 2003 and before August 15, 2003 to allow for the expiration of the deadline by which the Plaintiff must respond to Defendants' written discovery requests.

16. The parties are amenable to trial before a magistrate judge.

17. The Plaintiff requested a jury trial in his Original Complaint. However, the Defendants are unable to determine whether the applicable jury fee has been tendered to the U.S. District Clerk.

18. The Defendants anticipate it will take approximately five (5) hours to present their evidence to the jury in this case. The Plaintiff will take approximately five (5) hours to present his evidence.

19. The Court has already ruled on the Defendants' pending pre-trial motions. More specifically, the Court remanded the eviction portion of this matter to the State court and dismissed two (2) of the Plaintiff's causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). The

Court retained the remaining causes of action: (i) breach of contract and (ii) negligence.

20. At this time, the there are not any pending motions before the Court. However, Defendants anticipate filing a motion to compel the Plaintiff to provide a more complete disclosure by: (i) providing a computation of damages and accompanying supporting evidence; and (ii) producing all documents supporting his claims, as required by Federal Rule of Civil Procedure 26(a)(1)(C) and 26(a)(1)(B). At this time, the parties are discussing this issue as Defendants have already made written demand for these disclosures.

21. Defendants respectfully request that the Court instruct the Plaintiff to supplement his Plaintiff' Initial Disclosures by: (i)providing the calculation of damages and accompanying documentation be produced by the Plaintiff; and (ii) producing all other documents or other tangible items supporting his claims against the Defendants. Defendants also request that the Court enter their proposed Scheduling Order. Finally, the Defendants respectfully remind the Court that there is a concurrent action pending in State court wherein Defendant Tomas Barajas is seeking: (i) possession of the subject residence; and (ii) recovery of lost rental income.

It is the Plaintiff's position that, based on the defendants' previous actions, the conduct and behavior of the parties and their previous counsel, the witnesses that need to be located in order for the plaintiff to properly prosecute his causes of action. In the event the Court is of the opinion that this case should be mediated, plaintiff respectfully request that any mediation take place before discovery is commenced and before this Court has ruled on any dispositive motions to minimize time and expenses, taking into consideration the difficulty in locating these witnesses.

22. The following are the names, bar numbers, addresses and telephone numbers of all counsel;

**Attorneys for the Plaintiff:**
Mr. Jose Luis Peña, *Pro se*
P.O. Box 531244
Harlingen, Texas 78553
(956) 412-3045

**Attorneys for the Defendants:**
The Rentfro Faulk Law Firm
William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN# 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695

Respectfully submitted,
The Rentfro Faulk Law Firm

William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN#: 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695
Attorneys for the Defendants

Mr. Jose Luis Peña - *Pro se* Plaintiff

### Certificate of Conference

We hereby certify that we met in compliance with Federal Rule of Civil Procedure 26(f) and prepared the preceding Joint Discovery/Case Management Plan together.

The Rentfro Faulk Law Firm

Jana Smith Whitworth
Attorneys for the Defendants Barajas

Mr. Jose Luis Peña - *Pro se* Plaintiff