

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

United States District Court
Southern District of Texas
FILED

JUL 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE LUIS PEÑA, | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-CV-40 |
| | § | |
| VALENTIN BARAJAS and | § | |
| TOMAS BARAJAS, | § | |
| *Defendants.* | § | |

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCLOSURES REQUIRED BY RULE 26
### AND
### MOTION TO COMPEL INSPECTION OF SUBJECT REAL PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Valentin Barajas** and **Tomas Barajas**, both Defendants in the above-entitled action

and file this their Defendants' Motion to Compel Plaintiff's Disclosures Required By Rule 26 and Motion

to Compel Inspection of Subject Real Property, pursuant to Federal Rule of Civil Procedure 37(a), and in

support thereof would respectfully show the Court as follows:

### A. Introduction

1.      This case arises out of the oral rental agreement between Plaintiff Jose Luis Peña and Defendant

Tomas Barajas for the lease of Defendant's residential real property.

2.      Plaintiff alleges the following causes of action: (i) breach of contract and (ii) negligence.

3.      Defendant Tomas Barajas files a breach of contract action, in the counterclaim, against Plaintiff

Jose Luis Peña to recover the rental proceeds Plaintiff failed to pay him for the right to possess the subject

residential real property.

## II. Plaintiff has failed to provide damage calculations and evidenciary documentation

4.      On June 24, 2003, Plaintiff served his Plaintiff's Initial Disclosures Pursuant to Federal Rule of

Civil Procedure 26 ("Plaintiff's Initial Disclosures") without providing: (i) a computation of any category

of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34

the documents of other evidentiary material, not privileged or protected from disclosure, on which such

computation is based, including materials bearing on the nature and extent of injuries suffered as required

by Rule 26(a)(1)(C); or (ii) a copy of, or description by category and location of, all documents, data

compilations, and tangible things that are in the possession, custody, or control of the party and that the

disclosing party may use to support its claims or defenses, unless solely for impeachment as required by

Rule 26(a)(1)(B).   A true and correct copy of Plaintiff's Initial Disclosures is attached hereto and

incorporated herein as Exhibit "A".

### III. Plaintiff has failed to serve response to request for inspection

5.      On June 25, 2003, Defendants served their request for inspection of the subject real property.  To

date, *Pro se* Plaintiff, Mr. Jose Luis Peña, has failed to file a response to that request or applicable motion

for protective order.  Accordingly, Defendants request

### IV. Defendants' efforts to comply with Rule 37(a)(2)(A) have been futile

6.      Defendant has repeatedly attempted to obtain this information by conferring with *Pro se* Plaintiff,

Mr. Jose Luis Peña, by telephone conversations and written correspondence.  A true and correct copy of

each of these letters demanding this information is attached hereto and incorporated herein as Exhibit "B"

and Exhibit "C", respectively.

## V. Argument

7.      Rule 26(a) requires each party to disclose certain information without request. The Court can

compel disclosure and inspection and award appropriate sanctions for a party's failure to make the required

disclosures. *See* Federal Rule of Civil Procedure 37(a)(2)(A).

8.      The Court should grant Defendants' motion to compel *Pro se* Plaintiff, Mr. Jose Luis Peña, to make

disclosures regarding his calculation of damages as the amount claimed forms part of the basis of this

Court's jurisdiction.

9.      Further, this matter is scheduled for mediation with U.S. Magistrate Judge Felix Recio on Tuesday,

August 5, 2003. The Defendants are at a great disadvantage in preparing the necessary mediation statement

without the required information and documentation provided by *Pro se* Plaintiff, Mr. Jose Luis Peña.

10.      The Defendants have made full disclosure of all required information.

11.      Defendants respectfully request that the Court award sanctions against *Pro se* Plaintiff, Mr. Jose

Luis Peña, for his failure to comply with  Rule 26(a)(1)(C) and Rule 26(a)(1)(B).  Rule 37(a)(4)(A)

provides for the award of sanctions for such violation of Rule 26.  Accordingly, Defendants respectfully

request that the Court award them $1,500.00 in attorney fees to reimburse them for the costs associated with

this motion.  These attorney fees are substantiated in the Affidavit of Attorney Fees attached hereto and

incorporated herein as Exhibit "D".

12.      This sanction is the least severe sanction available to meet the wrong.

13.      Defendant respectfully requests that the Court award sanctions against *Pro se* Plaintiff, Mr. Jose

Luis Peña, by dismissing this action.  More specifically, the amount of damages supports the diversity

jurisdiction under which Plaintiff relies for this Court's jurisdiction.  In the event, the required amount of

damages cannot be substantiated, Defendants respectfully request this Court dismiss this action.

## V. Conclusion

14.    Because *Pro se* Plaintiff, Mr. Jose Luis Peña, has refused to comply with the rules by failing to:

(i) make adequate disclosures; and (ii) respond to Defendants' request for inspection, the Court should

compel him to respond fully and provide access to the subject real property. Further, the Court should

award Defendants sanctions associated with obtaining Plaintiff's compliance with the rules.

## VI. Prayer

15.    For these reasons, the Defendants respectfully request that the Court set this motion for emergency

hearing and, after such hearing, order *Pro se* Plaintiff, Mr. Jose Luis Peña to make adequate disclosures

as required by the rules and pay the Defendants at least $1,500.00 in reasonable and necessary attorney fees.

Respectfully submitted,

**The Rentfro Faulk Law Firm**

William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN#: 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695
Attorneys for the Defendants

Defendants' Motion to Compel Plaintiff's Disclosure Required by Rule 26
and Motion to Compel Inspection of Subject Real Property

Page 4 of 5

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Compel Plaintiff's Disclosures Required by Rule 26 and Motion to Compel Inspection of Subject Real Property was delivered to all counsel and parties of record in the manner designated below on the ___28th___ day of July, 2003.

Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553
*Pro Se* Plaintiff
**Via Certified U.S. Postal Service, RRR, No.** 7002 3150 0001 8812 7478
**and Regular U.S. Postal Service**

Jana Smith Whitworth

## Certificate of Conference

I hereby certify that I made a good faith effort to resolve this dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(2)(A). I attempted to negotiate a resolution with Mr. Peña through telephone conversations and written correspondence. I made my final effort to resolve these issues on the morning of July 25, 2003, prior to filing this motion, by contacting Mr. Peña by telephone but was unable to do so. Accordingly, my efforts proved futile and resulted in the filing of this motion to compel.

Jana Smith Whitworth

Defendants' Motion to Compel Plaintiff's Disclosure Required by Rule 26
and Motion to Compel Inspection of Subject Real Property

Page 5 of 5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE LUIS PENA,                          *
                                         *
          PLAINTIFF,                     *
                                         *        CIVIL NO. B-03-040
VS.                                      *
                                         *
THOMAS BARAJAS, ET AL                    *
                                         *
          DEFENDANTS,                    *

---

PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE RULE 26(A)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COME NOW, Plaintiff, and files this his Initial Disclosures, in compliance with Rule 26(a) of the Federal Rules of Civil Procedure, and would demonstrate upon this Honorable Court the following:

I.  WITNESSES

1.  Jose Luis Pena
    P.O. Box 531244
    Harlingen, Texas 78553·1244
    (956) 412-3045

    Plaintiff who attempted to purchase home.

2.  Yolanda R. Pena
    P.O. Box 31244
    Harlingen, Texas  78553-1244
    (956) 412-3045

    Plaintiff's spouse and witness to Mr. Santiago Ruiz's defamatory statements against plaintiff: Witness as to all conversations with Mr. Santiago Ruiz in reference to the negotiations of the home.

3.  Yogema Ruby Pena
    P.O. Box 531244
    Harlingen, Texas  78553-1244
    (956)  412-3045

    Plaintiff's daughter who heard the defamatory statements made by Mr. Santiago Ruiz against plaintiff.  Plaintiff's daughter who almost step on a four foot snake curled between the screen door and

the house door at the back entrance.

4.  Freddie Koite
    2917 Nueces
    Harlingen, Texas  78550
    (956) 428-1597
    (last known address)

    Advised plaintiff that Valentin Barajas had been by his house to
    inquire about plaintiff and plaintiff's family but did not contact
    plaintiff.

7.  Jim B. Jones
    2913 Nueces
    Harlingen, Texas 78550
    (956)  423-0459

    Mr. Jones had known plaintiff for 6 or 7 years prior to plaintiff
    moving into the house in question, and thus, immediately notified
    the plaintiff that the people had moved out because the owner did
    not want to fix the central air and the large electric bill.

8.  Julian Gonzalez
    2909 Nueces
    Harlingen, Texas  78552
    (956) 428-6660

    Has known Valentin Barajas for many years but does not know who
    Thomas Barajas is.  Mr. Gonzalez has known the previous residents
    of the house in question and the fact that the previous residents
    had problems with the house in question and that he further
    intervened and or asked Valentin Barajas to make repairs due to the
    fact that the tenants were complaining about the house plumbing and
    other discrepancies.

9.  Mary Meave
    Address unknown
    Harlingen, Texas  78552
    (956)  425-4544

    Mr. and Mrs. Meave were the last tenants to reside in the house in
    question. They would testify as to the plumbing and electrical
    problems with the house, the refusal of Valentin Barajas to correct
    the plumbing and electrical problems; they will further testify
    about the electrical problem with the electrical outlet in the
    master bathroom where plaintiff almost got electrocuted and left
    the house very disgusted with Valentin Barajas.

10. Ramiro (last name unknown)
    Telephone No.  (956) 536-6689

    Inspected the central air and heat.  He advised plaintiff and
    Valentin Barajas that the central air was too old and needed
    complete replacement.  Valentin refused to replace it.  Plaintiff

was further advised by Ramiro that plaintiff should hold any future payments, enough to cover his expenses because of Valentin Barajas reputation in not paying the previous man who had inspected the central air previously.  Never made any repairs to the central air.

11. **Mr. and Mrs. Armando Farias**
    2910 Nueces Dr.
    Harlingen, Texas  78550
    (956)  440-1669

    They would testify about the fact that the roof was installed by some young men while it was raining:  That Mr. Santiago Ruiz told them that the Meaves vacated the house without paying three months rents.

12. **Javier (last name unknown)**
    La Feria, Texas
    (956) 797-9440

    Fixed the overhead garage door after the spring broke and almost cut plaintiff's finger's off with the cable

13. **Alfonso Gonzalez**
    Gonzalez Electric, Plumbing & remodeling
    802 S. Commerce
    Harlingen, Texas 78550
    (956)  428-0433

    Was to have inspected the house wiring but never showed up. Plaintiff waited two days for Mr. Gonzalez.  Plaintiff visited Mr. Gonzalez's place of business and inquired as to when the inspection was to take place.  Mr. Gonzalez did not come and was not going to come to inspect the house because Valentin Barajas only gave him one day to conduct the inspection and estimate.  Mr. Gonzalez did not come because Valentin Barajas did not want to become responsible for any expenses.

14. **Santiago Ruiz**
    1721 E. Jackson Street
    Harlingen, Texas 78550
    (956) 425-5453

    Showed the plaintiff and plaintiff's spouse the house in questioned, represented that the house had been remodeled, that the central air had been repaired; witness the installation of a thermostat but no repairs; witness the 90 degree heat inside the house; advised plaintiff and plaintiff's spouse that the previous tenants left without paying three months rents; that we ought to try it for three months and that if plaintiff did not like the house, to leave as everyone else did, without paying the rents; that Valentin send him to come into the house and inspected while

plaintiffs were still residing in the house; he created a public
scene and called plaintiff names and made slanderous remarks.
Mr. Ruiz notified plaintiff that the Barajas did not want to
execute a contract because every one leaves without making payments
on the house anyway.

15. Jose Munoz
    1002 West Johnson Street
    Harlingen Texas  78550
    (956) 423-5821

    Plaintiff and Mr. Munoz have known each other for 6-7 years; Mr.
    Munoz was to repair the bathrooms but never did because he was not
    getting paid and was not going to get paid because (allegedly) the
    Barajas did not have any monies; He installed the thermostat but
    did not fixed the central air; Munoz brought a gentleman who had
    allegedly fixed the central air.  Mr. Munoz measured the backyard
    wire fence and was to replaced it with a wooden fence, it never
    happen.

## II.    DOCUMENTS AND TANGIBLE THINGS

Complainant has no documents to attach at this point in time,
defendants have produce copies which plaintiff would have provided with
this disclosures. Any and all documents which may be relevant to this
cause of action will be supplemented and or will be disclosed as soon
as they are available.

## III.   DAMAGES

Plaintiff has pled his damages in his original complaint. Should
there be a need to replead any damages, plaintiff will supplement his
disclosures when the time come.

## IV. INSURANCE

The Plaintiff has no knowledge of any insurance agreement and/or
policy that may cover the type of damages alleged in plaintiff's
Original Complaint.  Plaintiff was not able to ascertain whether the
policy carried on the home in question may in any way provide for the

recovery of damages claimed in plaintiff's complaint.

Respectfully submitted,

JOSE LUIS PENA
P.O. BOX 531244
HARLINGEN, TEXAS   78553
(956) 412-3045

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forward to opposing counsel of record on this the 24th day of June, 2003.

Hon. Jana Smith Whitworth

Jose Luis Pena

FROM :                                    FAX NO. :                          Jun. 24 2003 03:36PM P1

### FAX TRANSMITTAL COVER SHEET

DATE: June, 24, 2003          TIME: 3:35

PLEASE DELIVER THE FOLLOWING PAGES AS SOON AS POSSIBLE TO:

NAME: Hon. Jana Smith Whitworth

RECIPIENT'S FAX NUMBER:      (956 ) 541-3414_____.

TRANSMITTED FROM:  JOSE LUIS PENA

TRANSMITTING FAX NUMBER:     (956)_____.

NUMBER OF PAGES (INCLUDING COVER SHEET)_____( 6 )_____.

NOTE:    IF YOU DO NOT RECEIVE ALL THE PAGES, OR IF YOU HAVE
         ANY QUESTIONS OR PROBLEMS CONCERNING THIS DOCUMENT,
         PLEASE CALL ME AT (956)  412-3045

COMMENTS:  Thank You.  Please give it your utmost attention
and present it to Ms. Whitworth, as soon as possible.

1. Plaintiff's Initial Disclosure Pursuant to Federal Rules
   of Civil Procedure Rule 26(A).

P.S. there is no number 5,6 on the disclosures,
J. L. P.

# *The Rentfro Faulk Law Firm*

**ATTORNEYS AT LAW**

*Daniel Rentfro, Jr.*
*William L. Rentfro*
*William A. Faulk, Jr.*

*Jana Smith Whitworth*

*185 E. RUBEN M. TORRES SR. BOULEVARD*
*(FM 802 AT McALLEN ROAD)*
*BROWNSVILLE, TEXAS 78520-9136*

*Of Counsel*
*Daniel L. Rentfro*
*William A. Faulk, Sr*
*T. Mark Blakemore*

*Tel: 956-541-9600*
*Fax: 956-541-9695*

*E-Mail: attorneys@rfbllp.com*

June 25, 2003



*Via Telecopier No. (956) 412-3045*
*and Regular U.S. Postal Service*
Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553

RE:    Civil Action No. 03-CV-40; *Jose Luis Peña vs. Valentin Barajas and Tomas Barajas*; in the United States District Court, Southern District of Texas, Brownsville Division before the Honorable Judge Hilda G. Tagle, United States District Judge.

Cause No. 2003-CCL-00198-C; *Jose Luis Peña vs. Thomas Barajas*; in County Court at Law No. 3 for Cameron County, Texas.

Dear Mr. Peña:

This letter addresses numerous issues regarding the referenced matter currently on file in the U.S. District Court before Judge Hilda Tagle.

First, in preparation of our meeting, pursuant to Federal Rule of Civil Procedure 26(f), please find enclosed a draft of the proposed Joint Discovery/Case Management Plan for your review and comments. Please read through this pleading and, after determining your responses to the requests designated in **bold** print, contact the undersigned to discuss.

Second, please find enclosed the following original written discovery requests: (i) Defendants' First Request for Production and Request for Entry and Inspection of 2914 Nueces Drive, Harlingen, Texas and (ii) Defendants' First Set of Interrogatories to Plaintiff. We are forwarding these original written discovery requests to you pursuant to Federal Rules of Civil Procedure 33 and 34. As required by the Rules, please respond to these requests within thirty (30) days in preparation of the Court's ordered mediation before U.S. Magistrate Judge Felix Recio.

Third, please find enclosed a copy of the following pleadings: (i) Defendants' Report of Availability for Mediation and (ii) Defendants' Original Answer and Counterclaim. As you can see from the Defendants' Report of Availability for Mediation, Messrs. Barajas are available to mediate this matter on the dates between July 26, 2003 and August 15, 2003. Please advise both the undersigned and the Court if you have a conflict with this time frame.

EXHIBIT
*B*

Mr. Jose Luis Peña, *Pro se* Plaintiff                                                                    Page 2
June 25, 2003

Fourth, please be advised that your Plaintiff's Initial Disclosures are incomplete. More specifically, Federal Rule of Civil Procedure 26(a)(1)(C) requires "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents of other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Accordingly, please permit this letter to constitute our formal demand that you comply with Rule 26(a)(1)(C) by providing a computation of damages suffered and evidence documenting such computation.

Fifth, please be advised that your Plaintiff's Initial Disclosures are further incomplete with regard to the production of evidentiary materials. More specifically, Federal Rule of Civil Procedure 26(a)(1)(B) requires "a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Accordingly, please permit this letter to constitute our formal demand that you comply with Rule 26(a)(1)(B) by providing copies or a list of documents, data compilations or any other tangible thing to support your claims against the Defendants.

Finally, please find enclosed our proposed Agreed Scheduling Order for your review and comments. Please review the dates proposed and advise of any conflicts or required changes.

Your courtesy and cooperation in this matter would be greatly appreciated.

Sincerely,

Jana Smith Whitworth
FOR THE FIRM

Enclosures

cc: Mr. Tomas Barajas

# *The Rentfro Faulk Law Firm*

*A Registered Limited Liability Partnership*

*Daniel Rentfro, Jr.*
*William L. Rentfro*
*William A. Faulk, Jr.*

*Jana Smith Whitworth*
*Ramona K Kantack*

**ATTORNEYS AT LAW**
*185 E. RUBEN M. TORRES SR. BOULEVARD*
*(FM 802 AT McALLEN ROAD)*
*BROWNSVILLE, TEXAS 78520-9136*

*Tel: 956-541-9600*
*Fax: 956-541-9695*

*Of Counsel*
*Daniel L. Rentfro*
*William A. Faulk, Sr*
*T. Mark Blakemore*

*E-Mail: attorneys@rfbllp.com*

July 22, 2003

*Via Telecopier No. (956) 412-3045*
*and Regular U.S. Postal Service*
Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553



RE:    Civil Action No. 03-CV-40; *Jose Luis Peña vs. Valentin Barajas and Tomas Barajas*; in the United States District Court, Southern District of Texas, Brownsville Division before the Honorable Judge Hilda G. Tagle, United States District Judge.

Cause No. 2003-CCL-00198-C; *Jose Luis Peña vs. Thomas Barajas*; in County Court at Law No. 3 for Cameron County, Texas.

Dear Mr. Peña:

This letter is to follow up on my letter of June 25, 2003 wherein we requested: (i) the calculation of damages required in the Plaintiff's Initial Disclosures; (ii) the production of evidentiary materials required in the Plaintiff's Initial Disclosures; and (iii) the inspection of the subject real property.

More specifically, please comply with Federal Rule of Civil Procedure 26(a)(1)(C) which requires "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents of other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Accordingly, please permit this letter to constitute our final demand that you comply with Rule 26(a)(1)(C) by providing a computation of damages suffered and evidence documenting such computation.

Further, we respectfully demand that you comply with Federal Rule of Civil Procedure 26(a)(1)(B) requires "a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Accordingly, please permit this letter to constitute our final demand that you comply with Rule 26(a)(1)(B) by providing copies or a list of documents, data compilations or any other tangible thing to support your claims against the Defendants.

Mr. Jose Luis Peña, *Pro se* Plaintiff
July 22, 2003

Finally, we have never received a response from you on our Request for Inspection. Please advise if you intend to respond to the request. In the event you do not file a response, please be advised that we will seek an order from the Court compelling you to permit the inspection. More specifically, we wish to inspect the subject real property on Monday, August 4, 2003 at 1:30 o'clock p.m. Our clients will be in town on that date to attend the mediation with Judge Recio the following day. Accordingly, please make the necessary arrangements to provide access to the property for the inspection.

Please be advised that, in the event we are not in receipt of the requested information and documentation demanded above by Monday, July 28, 2003 at 5:00 o'clock p.m., we will have no alternative but to file the enclosed motion to compel, pursuant to Federal Rule of Civil Procedure 37(a), with Judge Tagle.

Your courtesy and cooperation in this matter would be greatly appreciated.

Sincerely,

Jana Smith Whitworth
FOR THE FIRM

Enclosure

cc: Messrs. Tomas and Valentin Barajas

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

JOSE LUIS PEÑA,                          §
    *Plaintiff*                          §
                                         §
VS.                                      §        CIVIL ACTION NO. B-03-CV-40
                                         §
VALENTIN BARAJAS and                     §
TOMAS BARAJAS,                           §
    *Defendants.*                        §

DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCLOSURES REQUIRED BY RULE 26
AND
MOTION TO COMPEL INSPECTION OF SUBJECT REAL PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW **Valentin Barajas** and **Tomas Barajas**, both Defendants in the above-entitled action and file this their Defendants' Motion to Compel Plaintiff's Disclosures Required By Rule 26 and Motion to Compel Inspection of Subject Real Property, pursuant to Federal Rule of Civil Procedure 37(a), and in support thereof would respectfully show the Court as follows:

### A. Introduction

1.    This case arises out of the oral rental agreement between Plaintiff Jose Luis Peña and Defendant Tomas Barajas for the lease of Defendant's residential real property.

2.    Plaintiff alleges the following causes of action: (i) breach of contract and (ii) negligence.

3.    Defendant Tomas Barajas files a breach of contract action, in the counterclaim, against Plaintiff Jose Luis Peña to recover the rental proceeds Plaintiff failed to pay him for the right to possess the subject residential real property.

## II. Plaintiff has failed to provide damage calculations and evidenciary documentation

4.       On June 24, 2003, Plaintiff served his Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26 ("Plaintiff's Initial Disclosures") without providing: (i) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents of other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered as required by Rule 26(a)(1)(C); or (ii) a copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment as required by Rule 26(a)(1)(B).   A true and correct copy of Plaintiff's Initial Disclosures is attached hereto and incorporated herein as Exhibit "A".

## III. Plaintiff has failed to serve response to request for inspection

5.       On June 25, 2003, Defendants served their request for inspection of the subject real property.  To date, *Pro se* Plaintiff, Mr. Jose Luis Peña, has failed to file a response to that request or applicable motion for protective order.  Accordingly, Defendants request

## IV. Defendants' efforts to comply with Rule 37(a)(2)(A) have been futile

6.       Defendant has repeatedly attempted to obtain this information by conferring with *Pro se* Plaintiff, Mr. Jose Luis Peña, by telephone conversations and written correspondence.  A true and correct copy of each of these letters demanding this information is attached hereto and incorporated herein as Exhibit "B" and Exhibit "C", respectively.

## V. Argument

7.      Rule 26(a) requires each party to disclose certain information without request. The Court can compel disclosure and inspection and award appropriate sanctions for a party's failure to make the required disclosures. *See* Federal Rule of Civil Procedure 37(a)(2)(A).

8.      The Court should grant Defendants' motion to compel *Pro se* Plaintiff, Mr. Jose Luis Peña, to make disclosures regarding his calculation of damages as the amount claimed forms part of the basis of this Court's jurisdiction.

9.      Further, this matter is scheduled for mediation with U.S. Magistrate Judge Felix Recio on Tuesday, August 5, 2003. The Defendants are at a great disadvantage in preparing the necessary mediation statement without the required information and documentation provided by *Pro se* Plaintiff, Mr. Jose Luis Peña.

10.      The Defendants have made full disclosure of all required information.

11.      Defendants respectfully request that the Court award sanctions against *Pro se* Plaintiff, Mr. Jose Luis Peña, for his failure to comply with Rule 26(a)(1)(C) and Rule 26(a)(1)(B). Rule 37(a)(4)(A) provides for the award of sanctions for such violation of Rule 26. Accordingly, Defendants respectfully request that the Court award them $1,500.00 in attorney fees to reimburse them for the costs associated with this motion. These attorney fees are substantiated in the Affidavit of Attorney Fees attached hereto and incorporated herein as Exhibit "D".

12.      This sanction is the least severe sanction available to meet the wrong.

13.      Defendant respectfully requests that the Court award sanctions against *Pro se* Plaintiff, Mr. Jose Luis Peña, by dismissing this action. More specifically, the amount of damages supports the diversity jurisdiction under which Plaintiff relies for this Court's jurisdiction. In the event, the required amount of

damages cannot be substantiated, Defendants respectfully request this Court dismiss this action.

## V. Conclusion

14.      Because *Pro se* Plaintiff, Mr. Jose Luis Peña, has refused to comply with the rules by failing to:

(i) make adequate disclosures; and (ii) respond to Defendants' request for inspection, the Court should

compel him to respond fully and provide access to the subject real property.  Further, the Court should

award Defendants sanctions associated with obtaining Plaintiff's compliance with the rules.

Respectfully submitted,

**The Rentfro Faulk Law Firm**

_____
William A. Faulk, Jr.
SBN#:06855100
Federal I.D. No.
Jana Smith Whitworth
SBN#: 00797453
Federal I.D. No. 20656
185 E. Ruben Torres Sr., Blvd.
Brownsville, Texas 78520
Telephone: (956) 541-9600
Facsimile: (956) 541-9695
Attorneys for the Defendants

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Compel Plaintiff's Disclosures Required by Rule 26 and Motion to Compel Inspection of Subject Real Property was delivered to all counsel and parties of record in the manner designated below on the _____ day of July, 2003.
Mr. Jose Luis Peña
P.O. Box 531244
Harlingen, Texas 78553
*Pro Se* Plaintiff
**Via Certified U.S. Postal Service, RRR, No.**

_____
Jana Smith Whitworth

Defendants' Motion to Compel Plaintiff's Disclosure Required by Rule 26
and Motion to Compel Inspection of Subject Real Property

Page 4 of 5

## Certificate of Conference

I hereby certify that I made a good faith effort to resolve this dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(2)(A). I attempted to negotiate a resolution with Mr. Peña through telephone conversations and written correspondence. Unfortunately, my efforts proved futile and resulted in the filing of this motion to compel.

_____
Jana Smith Whitworth

Defendants' Motion to Compel Plaintiff's Disclosure Required by Rule 26
and Motion to Compel Inspection of Subject Real Property

Page 5 of 5

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| JOSE LUIS PEÑA, | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-CV-40 |
| | § | |
| VALENTIN BARAJAS and | § | |
| TOMAS BARAJAS, | § | |
| *Defendants.* | § | |

### AFFIDAVIT IN SUPPORT OF DEFENDANTS' ATTORNEY FEES

| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, on this 25ᵗʰ day of July, 2003 personally

appeared **Jana Smith Whitworth**, who swore on oath that the following facts are true:

"My name is Jana Smith Whitworth. I am of sound mind, capable of making this affidavit,

and fully competent to testify to the matters stated herein, and I have personal knowledge of each

of the matters stated herein. I am an attorney licensed to practice in the State of Texas and the

Southern District of Texas, Brownsville Division.

Defendant Tomas Barajas and Valentin Barajas employed the Rentfro Faulk Law Firm to

represent them in this suit and in the state court eviction action. Between then and the date of this

affidavit, the lead attorney, William A. Faulk, Jr. and I have performed at least eighty (80) hours

of work on this matter.

Affidavit of Defendants' Attorney Fees



Page 1 of 2

The Defendants are paying this firm and the undersigned for these fees on an hourly basis. The median hourly basis for attorney time on this case is $150.00 per hour. These fees are reasonable for the services performed.

The fees charged in this case are those customarily charged in this area for the same or similar services by an attorney with my experience, reputation, and ability, considering the nature of the controversy, the time limitations imposed, the results obtained compared with results in similar cases, and the nature and length of my relationship with the Defendants.

Defendants incurred a minimum of $1,500.00 in attorney fees in relation to their attempts to force the Plaintiff to comply with the Rules requiring disclosures, related to damages, and inspection of the subject property. More specifically, I spent at least ten (10) hours in my efforts to: (i) resolve this issue with the Plaintiff; (ii) review his inadequate disclosures and other discovery responses; (iii) draft the accompanying motion to compel; and (iv) attend the hearing."

_____
Jana Smith Whitworth, Affiant

SIGNED, SWORN TO and SUBSCRIBED before me by Jana Smith Whitworth me on the 25ᵗʰ day of July, 2003.

[SEAL]

_____
Notary Public in and for the State of Texas



ESTELLA R. IRURITA
Notary Public, State of Texas
My Commission Expires 07-07-2004

Affidavit of Defendants' Attorney Fees                     Page 2 of 2