```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT
                      BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED
AUG 1 8 2003
Michael N. Milby
Clerk of Court

JOSE LUIS PENA,

    Plaintiff,

VS.                                CIVIL NO. B-03-040

VALENTIN BARAJAS, ET AL

    Defendants,

---

PLAINTIFF'S RESPONSE TO THE COURT'S ORDER
SIGNED ON THE 31ST DAY OF JULY, 2003
AND
PLAINTIFF'S MOTION FOR SANCTIONS

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW JOSE LUIS PENA, Plaintiff in the above-entitled action and files his response to the Court's Order signed on the 31st day of July, 2003, as per the court's instructions and further files his Plaintiff's Motion for Sanctions, and thus shows the Court the following:

    Defendants filed their Motion to Compel Plaintiff's Disclosures Required by Rule 26 and Motion to Compel Inspection of Subject Real Property on the 31st day of July, 2003. This Honorable granted the Defendants' motion on the 31st day of July, 2003 and entered such order on the 1st day of August 2003.

    On its Order, this Honorable Court ordered plaintiff to produce all tangible things under the Initial Disclosures Required by Rule 26. Plaintiff has made every effort to minimize all costs and unnecessary expenses on a matter which was a simply request for a refund from

either defendant since the ownership and liability was put at issue from the beginning by both defendants. Unfortunately, this matters escalated to injuries and damages. Since defendants were, allegedly, too poor to conduct repairs in the premises in question, plaintiff has attempted to, again, minimize expenses and costs, and therefore, there are very few tangible items and/or documents to produce. Plaintiff further discussed with defendants' counsel that the few items plaintiff had in his possession were and continue to be misplaced. However, plaintiff specifically advised defendants' counsel that plaintiff was and has not found the documents evidencing the communications between plaintiff and Valentin Barajas, since plaintiff was never able to communicate with Tomas Barajas. Plaintiff further communicated to defendants' counsel that plaintiff would immediately supplement its disclosures upon the documents being available under the Rules to supplement.

Plaintiff will show this Honorable Court that the defendants' attorneys motions are frivolous and with the only intent to harass and put the plaintiff in a false light before this Court. Defendants counsel presses the plaintiff to produce, as per telephone conversation, with Hon. Jana Whitworth, Ms. Whithworth's request was for plaintiff to produce the original written communications with Valentin Barajas. Plaintiff has not requested for any improvements, costs or out of pocket expenses on the house since defendants allegedly had no monies to make the necessary repairs on the house in question. Therefore, plaintiff has no tangible documents to produce at this time, however, plaintiff reserves the right to supplement as soon as those documents are available. Further, defendants' counsel seems to make a

case out of matters not in possession of plaintiff at this time.

Furthermore, defendants' counsel seems to mislead this Honorable court in stating that their position for the mediation scheduled for the 5th day of August, 2003 is at a disadvantage, because plaintiff has not produced the required information. There is no information to be produced, further, the negotiations between plaintiff and defendants is thousands of miles apart. Plaintiff made all kinds of efforts for approximately 9 months to solve this matters to no avail. There never was nor there will be any honest attempt to settle this matters by defendants since Valentin Barajas always refused to hear plaintiff's efforts to settle this matters. Thus, defendants' counsel misrepresents to this court that there is or may be any information from plaintiff's side that may aid in the amicable settlement of the issues in question.

Further, defendants' counsel continues to misrepresent to this Honorable Court that defendants have made full disclosure of all required documents. Plaintiff has requested from Valentin Barajas any and all documentation evidencing his authority to negotiate the sale of the house and as of today, defendants' counsel as well as Valentin Barajas have refused to provide any such documentation.

Plaintiff has suffered a permanent disabling "soft tissue" injury to plaintiff's hands as well as property damages. Plaintiff, after having handled hundreds of personal injury and workers compensation cases and having deposed many medical experts in the medical fields, plaintiff has a professional estimate as to what the injury may be worth. However, since the defendants are solvent as per defendants' counsel, and able to pay attorney's fees of $150 an hour, plaintiff

will seek to retain an economist to appraise the plaintiff's injury, future medicals and economic loses. Plaintiff was and has been waiting for defendants' insurance policy to verify the fact that they may carry insurance to cover the plaintiff's injuries and damages. As of today, defendants have not provided a copy of their insurance policy to plaintiff. Plaintiff was to have been provided with a copy of the defendants' insurance policy on the house since December, 2002.

Therefore, defendants' counsel accuses plaintiff of refusing to make adequate disclosures when in fact, there are no tangible documents to disclose, however, plaintiff reserves the right to disclose any documents as they become available under the Rules.

Furthermore, plaintiff will show this Honorable Court that defendants' counsel continues to use trickery and deceit before this court in misrepresenting that plaintiff refuses to allow defendants to inspect the property in question. Plaintiff will show this Honorable Court that on the 23rd of June, 2003, this Honorable Court specifically ordered defendants counsel to address the issue of the inspection of the premises to the Court and not the plaintiff. Therefore, defendants' counsel had ample time to address themselves to the Court and file whatever motion they needed to file directly to the Court as per this Honorable Court's instructions. Plaintiff had nothing to directly respond to the defendants' counsel as far the inspection of the premises was concerned without a hearing before the Court. Plaintiff further states that plaintiff welcomed a hearing on the matter of the inspection of the premises in that plaintiff wanted some specific instructions on the manner and time of the inspection.

This Honorable Court entered a blank Ordered in which this

Honorable Court ordered plaintiff to permit Defendants to inspect the premises in question. Needless to say, plaintiff requested from Valentin Barajas to come and inspect the premises. Mr. Valentin Barajas came to Harlingen on several occasions, yet, Mr. Valentin Barajas came to speak to the neighbors across the street and inquired about Plaintiff and Plaintiff's family but did not approached plaintiff on any given time. Thus, plaintiff had no reason for not allowing the inspection to take place, but rather wanted a full inspection of the house for a proper evaluation of all the discrepancies with the house in question.

Further, plaintiff waited all morning for the defendants to inspect the house. As plaintiff was about to leave to San Benito, Texas to pick up plaintiff's wife, defendants' counsel, Ms. Whitworth, called plaintiff close to 1:00 p.m. and advised plaintiff that she was on her way to the house with defendants and some other parties. Plaintiff advised Ms. Whitworth that plaintiff was on his way to San Benito to pick up plaintiff's wife and that plaintiff would right back. Ms. Whitworth responded that she would wait for plaintiff and plaintiff's wife. When plaintiff and plaintiff's wife arrived at the house, Ms. Whitworth was outside in front of the house waiting with defendants, Valentin Barajas, Tomas Barajas, Santiago Ruiz, Alfonzo Gonzalez and the late arrival of Jose Munoz. Upon opening the front door, plaintiff asked Ms. Whitworth if she wanted to start from the outside or the inside of the house. Ms. Whitworth responded that they had already inspected and taken pictures of the outside of the house. Plaintiff was upset, yet did not complain in order to comply with the Court's orders, however, the Court's Order does not state whether

defendants and defendants parties were to conduct an inspection of the premises while plaintiff or plaintiff's family were not at home. Needless to say, such an action by Ms. Whitworth and the defendants would definitely constitute a trespass since the Court's Order does not state that the defendants and defendants parties may entered the premises at their leisure in the absence of the plaintiff and plaintiff's family.

Further, plaintiff allowed defendants to begin their alleged inspection at the garage. Plaintiff suggested to defendants and defendants' counsel to begin by inspection the air condition unit at the top of the garage. Ms. Whitworth as well as the defendants refused to inspect the air conditioned unit at the top of the house. Plaintiff and plaintiff's wife further attempted to exposed some of the discrepancies on the garage. Again, defendants and Ms. Whitworth refused to acknowledged any attempt to inspect the discrepancies on the garage. However, plaintiff's wife pointed out some of these discrepancies to Ms. Whitworth and further advised Ms. Whitworth to take pictures of these discrepancies. Ms. Whitworth responded that she was only interested in the instrumentalities which had caused harm to plaintiff. Plaintiff pointed out the garage door that had caused Plaintiff's injuries and the broken spring. Without a warning, Tomas Barajas pulls the only working garage door (the one that had been repaired after causing plaintiff's injuries) and slammed it down to the ground. Now, plaintiff is having problems with it since it is hard for the garage door to stay up.

Mr. Alfonzo Gonzalez, one of the parties and witness named in the initial disclosure, was the electrician who was to have come and

inspected the house for electrical problems, came and turn on the breaker, removed the tapes on the electrical outlets and left. Needless to say, this does not cure the problem and the house is still subject to electrical short circuits. Ms. Whitworth took several pictures of the interior of the house under plaintiff's wife's request. Ms. Whitworth was not interested in inspecting the inside of the house but only the instrumentalities that caused plaintiff's injuries. Therefore, the instrumentalities that caused the plaintiff's injuries were in the garage and thus, there was no need to enter the house. However, as plaintiff was talking and explaining the discrepancies to Ms. Whitworth, the rest of the parties were going room by room on their own having discussions and unsupervised by Ms. Whitworth.

Furthermore, the inspection while plaintiff was present didn't take more than 20 minutes in that Ms. Whitworth kept repeating that she was only interested in the instrumentalities that caused the injuries. Again, such instrumentalities were kept in the garage and thus, the inspections of the interior of the house was not necessary but merely a harassment tactic.

Furthermore, the purpose of the alleged inspections was conducted for simple reason that defendants wanted to provoke plaintiff and plaintiff's family. Plaintiff had on one occasion advised Mr. Santiago Ruiz, as stated in plaintiff's pleadings, to never come again to the house in question in that he had insulted plaintiff and plaintiff's family by yelling disturbing and slanderous remarks about plaintiff being a "mafioso". Defendant, Valentin Barajas, is not the owner of the house, nor was he aware of the condition of the house prior to and during plaintiff's stay at the house in question. Further, Ms.

Whitworth was very well aware of the situation and the reason why Mr. Santiago Ruiz was not welcome at the house in question, yet, defendants and Ms. Whitworth decided to provoke plaintiff and plaintiff's wife by having Mr. Santiago Ruiz parade around the house.

Therefore, defendants' counsel are engaged in a fishing expedition knowing perfectly well that the problem escalated due to the defendants' custom and practice of taking monies from people who moved into the house, pay some monies and than the defendants ignore their pleas and hope that the people leave without requesting their refunds. Had defendants refunded the plaintiff's monies, the problem would have been solved and everyone would have been happy.

Therefore, defendants' motions are frivolous and with the only purpose to harass and provoke plaintiff and plaintiff's family. Plaintiff and defendants' counsel had already discussed the production of documents and under the Rules, plaintiff has the duty to supplement upon the availability of any and all documents as required by the Rules. As it refers to the inspection of the premises, the Court specifically ordered defendants' counsel to direct those issues directly to the court, and thus, the motion to compel was unnecessary and frivolous with the only purpose of harassing the plaintiff and plaintiff's family.

For the enumerated reasons above, plaintiff requests that this Court do not award any attorney's fees but quite to the contrary, sanction the defendants, the defendants' counsel in that the only purpose of the motions filed by Ms. Whitworth was to harass and embarrass plaintiff and plaintiff's family.

Further, for the reasons enumerated above, plaintiff further

requests that this Honorable Court sanctioned the defendants, the defendants' counsel in that their motions are frivolous and that such requests are made before June 27, 2003, the Rule 26(f) conference, and that the Court further enter an Order denying defendants any further discovery and/or striking their discovery.

Respectfully submitted,

JOSE LUIS PENA
P.O. BOX 531244
HARLINGEN, TEXAS 78553
(956) 412-3045
PRO SE

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was this day sent to Counsel of Record, Hon. Jana Smith Whitworth via Fax, (956) 541-3414 on this the 18th day of August, 2003.

JOSE LUIS PENA