27

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **JOSE LUIS PENA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. B-03-040** |
| | § | |
| **VALENTIN BARAJAS and** | § | |
| **THOMAS BARAJAS** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

BE IT REMEMBERED that on September 2, 2003, the Court **GRANTED** Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction [Dkt. No. 21].

## I.    Background

This case arises out of a real estate transaction allegedly involving a three month rental period during which a sale contract would be concluded.  Plaintiff moved into the home before the sales contract was concluded.  Plaintiff complains that nearly every aspect of the home was inadequate: the chain link fence in the backyard was not replaced with a wooden fence; the air conditioner was not functional; the plumbing was in disrepair; the walls were patched; the ceilings were water stained; the exterior brick was cracking; the electrical wiring was bad; the backyard was infested with fleas and ticks; a snake nearly bit his daughter; and the garage door was defective.  "The workmanship on the house was really in poor shape."  [Original Complaint, at ¶15]. Plaintiff alleges he complained of many of these defects and was promised by Defendants that they would be fixed.  Plaintiff also alleges that Defendants knew of some of the defects before Plaintiff complained.

Apparently a sale contract was never concluded.  Plaintiff ceased paying rent but remained on the premises.  Defendant Valentin Barajas filed an Original Petition for Forcible Detainer and Eviction on August 28, 2002, in the Justice Court of Cameron

1

County, Texas, Precinct 5, Place 5.  Defendant Valentin Barajas sought $2800 in back rent and $500 in attorneys' fees.

After several months of legal wrangling in the Justice Court, Plaintiff filed an Original Complaint in this Court seeking damages for "breach of contract, personal injuries, slander and defamation," as well as "fraudulent actions, misrepresentations," "negligence, gross negligence and intentional actions," and "intentional wrongdoings." [*Id.*].  On the same day, Plaintiff also filed a notice of removal to remove the detainer and eviction action pending in the Justice Court.

Defendants filed a motion to dismiss the causes of actions alleged in the Original Complaint pursuant to Rule 12(b)(6) for failure to state a claim, Plaintiff failed to respond, and the Court dismissed all but the negligence and contract claims. Defendants filed a motion to remand the detainer case, Plaintiff failed to respond, and the Court remanded the detainer case on the grounds that Plaintiff, the Defendant in the detainer case, as a Texas citizen could not remove a case filed in the Texas courts.

## II.    Arguments On The Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Defendants argue Plaintiff's initial disclosures indicate his damages are in the amount of $60,000, over $15,000 less than the amount in controversy requirement for diversity jurisdiction under Title 28, United States Code, Section 1332.  Defendants attach as evidence for their motion a letter from *pro se* Plaintiff to Defendants' counsel responding to requests for initial disclosures on damages.  In that letter Plaintiff states his personal injury damages are "worth at least $50,000, property damages in the amount of $5,000, the copier and the Rainbow vacuum cleaner [sic]; approximately $5,000 in lost of [sic] wages and expenses."

Plaintiff responds that the damage figures in his letter regarding initial disclosures are, in essence, a typographical mistake.  Plaintiff sent Defendants' counsel a demand letter prior to the Court-ordered mediation in which he stated his damages were $50,000 for personal injury; $5,000 for loss of personal property; and $5,000 for loss of wages.  Plaintiff claims he "inadvertently inserted" the amounts from the demand letter into the initial disclosure letter.  Plaintiff further argues that he anticipates filing an

2

amended complaint adding parties and alleging more damages.

## III.  Discussion

The Court has subject matter jurisdiction if the matter in controversy is between citizens of different states and the amount in controversy exceeds a minimum set by Congress, currently $75,000.[1]  *See Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981); 28 U.S.C. § 1332.  Under *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), diversity of citizenship must be complete, that is, no defendant may be a citizen of the same state as any plaintiff.  No one contends that complete diversity is lacking.  Rather, Defendants argue the amount in controversy fails to exceed the jurisdictional minimum.

A complaint must be dismissed if the Court lacks jurisdiction over the subject matter of the Plaintiff's claims.  *See* FED. R. CIV. P. 12(b)(1), 12(h)(3).  More importantly, the burden of establishing subject-matter jurisdiction rests on the Plaintiff as the party invoking jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U .S. 375, 377 (1991).  The Court may decide a rule 12(b)(1) motion to dismiss "on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts".  *Barrera- Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The Fifth Circuit distinguishes between a "facial" attack and a "factual" attack upon a complaint under Rule 12(b)(1).  *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  If Defendant files a 12(b)(1) motion, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations in the complaint, which are presumed to be true.  *See id*.  If, however, Defendant supports the motion with affidavits, testimony, or other evidentiary materials, then the attack is factual and the burden shifts to the Plaintiff to prove subject-matter jurisdiction by a preponderance of the evidence by also submitting facts through some evidentiary

---

[1]      The Court has subject matter jurisdiction if the dispute "arises under" the Constitution, laws or treatises of the United States.  *See O'Quinn v. Manuel*, 773 F.2d 605, 607 (5th Cir. 1985); 28 U.S.C. § 1331.  No one argues that a "federal question" gives the Court jurisdiction in this case.

method. *See id.* Defendants support their motion to dismiss with evidence; therefore, the attack is factual. "Where, as here, a defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with 'competent proof.' Competent proof means proof to a reasonable probability that jurisdiction exists." *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (citations and quotations omitted). Regardless, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that Plaintiff cannot prove any set of facts in support of his or her claim that would entitle him or her to relief. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

To support his claim of diversity jurisdiction and overcome Defendants' challenge, Plaintiff produced a copy of a demand letter he sent to Defendants' counsel prior to the Court-ordered mediation. Comparing the demand letter attached to his response brief and the initial disclosure letter attached to Defendants' motion to dismiss, Plaintiff claims he "inadvertently inserted" the amounts from the demand letter into the initial disclosure letter. Be that as it may, Plaintiff does not produce competent proof to demonstrate by a preponderance of the evidence that the amount in controversy is satisfied. Plaintiff has not met his burden.

## IV.   Conclusion

Plaintiff has failed to produce competent proof that the amount in controversy is satisfied; therefore, Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction [Dkt. No. 21] is **GRANTED** without prejudice. Defendants' request for attorneys' fees in their Motion To Compel [Dkt. No. 20] is **DENIED**. Plaintiff's Motion For Sanctions [Dkt. No. 25-2] is **DENIED**. All other pending motions are **MOOT**.

DONE at Brownsville, Texas, this 2nd day of September 2003.

Hilda G. Tagle
United States District Judge

4